UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| DIRECTORY DISTRIBUTING | ) BK. Case No. 16-47428 |
| ASSOCIATES, INC., | ) |
| | ) |
| Debtor. | ) |
| | ) |
| ERVIN WALKER, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-01229-HEA |
| | ) |
| DIRECTORY DISTRIBUTING | ) |
| ASSOCIATES, INC., et. al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## JOINT STATUS REPORT

COME NOW the represented plaintiffs (the "*Walker* Plaintiffs")[1], and all of the

defendants, consisting of (i) Directory Distributing Associates, Inc. ("DDA"), (ii) AT&T

Corp. and (iii) certain individual defendants (the "Individual Defendants"),[2] by and

through their respective undersigned counsel, who submit this Joint Status Report.

---

[1] The *Walker* Plaintiffs include named plaintiffs Donald Walker, Eric Allen, Justin Cooper, Regina Coutee, and Brian Mathis.  Former named plaintiff Trent Jedkins filed a Notice of Non-Suit Without Prejudice on October 7, 2016.  Named plaintiff Ervin Walker ("Walker"), the original plaintiff, filed the original petition *pro se*, was thereafter represented by counsel, and is now pro se again.  Walker is not within the definition of "*Walker* Plaintiffs" for purposes of this Joint Status Report.  The *Walker* Plaintiffs also include approximately 2,500 individuals who have filed consents to opt-in to the *Walker* collective action (as described below).

[2]  The Individual Defendants as of today are Richard Price, Steve Washington, Laura Washington, Roland E. Schmidt, and Sandy Sanders.

6557918.5

**PRELIMINARY MATTERS**

1.      The parties to *Ervin Walker, et al. v. Directory Distributing Associates, Inc., et al.* other than Ervin Walker (the "*Walker* Parties" to the "*Walker* Case")[3] submit the following Joint Status Report to provide the Court the procedural background for the June 15, 2017 status conference.  Each of the *Walker* Parties agrees that nothing contained in this Status Report can be used against any other *Walker* Party in the *Walker* Case, or against any of the parties in the *Krawczyk* Case (as hereafter defined), or in any other future dispute of any kind involving any of the *Walker* Parties or any of the parties to the *Krawczyk* Case.

2.      Until it ceased operations on December 31, 2015, DDA was in the business of distributing telephone books to individuals and businesses on a nearly nationwide basis.  As relevant here, DDA performed deliveries pursuant to contracts with AT&T Services, Inc., among other customers.

3.      DDA's contracts with AT&T Services, Inc. contain language pursuant to which DDA arguably indemnified Defendant AT&T Corp. and other entities (each a "Contract Indemnity Provision").   DDA and AT&T Corp. do not agree upon the precise contours of the Contract Indemnity Provisions or on their impact in the DDA chapter 11 case described below.

---

[3] To avoid any doubt, Ervin Walker, the *pro se* plaintiff, is not included in the definition of "*Walker* Parties" as used in this Joint Status Report.

4.      DDA retained numerous individuals to deliver telephone books to homeowners, apartment dwellers, and businesses.   DDA classified these delivery persons as independent contractors and not as employees.

### *WALKER* CASE

5.      On August 25, 2011, Walker, one of the workers who performed deliveries for DDA, acting *pro se*, filed litigation in the District Court for Harris County, Texas (the "Texas State Court") against DDA, AT&T Corporation (*sic*), and a number of individuals,[4] alleging, *inter alia*, violations of the Fair Labor Standards Act ("FLSA").

6.      On June 25, 2012, Walker (together with additional DDA delivery workers), now represented by counsel, filed a Second Amended Petition alleging violations under the FLSA as a collective action.   The FLSA provides for collective actions, which are different from class actions in many respects.   One difference is that class members in a traditional certified class action are typically included in the class unless they opt-out, while a plaintiff must affirmatively opt-in to a collective action. The operative Third Amended Petition, also alleging violations under the FLSA as a collective action, was filed on July 27, 2012.

7.      The *Walker* Plaintiffs allege that the delivery workers were misclassified as "independent contractors" rather than as "employees" and were therefore denied their rights to receive the federal minimum wage and overtime pay.   In addition, the *Walker*

---

[4] Some of the individuals named in the original pro se petition are no longer defendants, but the Individual Defendants remain parties to the *Walker* Case.

Plaintiffs allege that AT&T Corp. is jointly liable with DDA under FLSA because AT&T Corp. was a "joint employer" under the FLSA.

8.      On July 30, 2012, the *Walker* Plaintiffs requested that the Texas State Court conditionally certify a collective action on the basis that the delivery workers all were similarly situated within the meaning of 29 U.S.C. § 216(b).  The Texas State Court granted the request, and on December 7, 2012, the Texas State Court denied without prejudice AT&T Corp.'s Motion for Summary Judgment.  In an order issued on December 21, 2012, the Texas State Court defined the individuals who would receive notice as follows:

> All current and former individuals who Directory Distributing Associates, Inc.: 1) hired to deliver AT&T telephone directories during the period from June 25, 2009 to the present, and 2) classified as independent contractors.

(the "Conditional Certification Order").

9.      The Texas State Court established March 29, 2013 as the deadline (the "Opt-In Deadline") for prospective class members to opt in to the conditionally certified class.

10.      DDA produced to the *Walker* Plaintiffs a list of individuals who fell within the definition set forth in the Conditional Certification Order (the "Notice List").  The Notice List consisted of over 114,000 individuals with their addresses.

11.      In early 2013, notice was given to those individuals on the Notice List providing them with the form to opt in to the *Walker* Case and the deadline to submit the form.  More than 19,000 individuals filed consents to opt in to the *Walker* Case. Approximately 1,100 of the consent forms were submitted after the Opt-In Deadline.

12.     On May 3, 2013, all of the defendants in the *Walker* Case filed a motion to dismiss ("Motion to Dismiss") all opt-ins who did not live or work in the state of Texas (collectively, the "Non-Texas Opt-Ins") based on a Texas venue statute applicable to multi-party litigation.

13.     On September 19, 2013, the Texas State Court granted the Motion to Dismiss and dismissed the Non-Texas Opt-Ins (the "Dismissal Order").   This resulted in the dismissal of approximately 15,000 individuals who had opted-in to the *Walker* Case, leaving approximately 2,500 remaining opt-ins.  The Texas State Court suspended the Dismissal Order until the conclusion of any appeal from that Order.

14.     The Non-Texas Opt-Ins appealed the Dismissal Order (the "Appeal").  The Texas Court of Appeals affirmed the Dismissal Order.  Aaronii v. Directory Distributing Associates, Inc., 462 S.W.3d 190 (Tex App. 2015).   On April 1, 2016, the Texas Supreme Court declined to hear the Appeal.  The Texas Court of Appeals issued its mandate to the Texas State Court concluding the appeal on May 18, 2016, and the Dismissal Order is now final and non-appealable.

### *KRAWCZYK* CASE

15.     On May 10, 2016, James Krawczyk, one of the Non-Texas Opt-Ins whose claims had been  dismissed pursuant to the Dismissal Order, filed a case styled *Krawczyk v. Directory Distributing Associates, Inc., and AT&T Corp.* (the "*Krawczyk* Case"), Case No. 3:16-cv-02531-VC, in the United States District Court for the Northern District of California (the "California Federal Court").  Krawczyk and a second named plaintiff, David Estrada, filed a First Amended Complaint on August 30, 2016, adding five additional defendants: AT&T Inc.; AT&T Services, Inc.; YP Holdings LLC; YP

Advertising & Publishing LLC (which appeared as the successor to AT&T Advertising, L.P., incorrectly sued as AT&T Advertising LP d/b/a AT&T Advertising and Publishing, d/b/a AT&T Advertising Solutions, d/b/a Pacific Bell Directory, d/b/a YP Western Directory LLC);  and YP LLC (which appeared as the successor to YP Shared Services LLC, incorrectly sued as YP Shared Services, LP) (jointly the "Additional Defendants"). The operative Second Amended Complaint was filed on December 23, 2016.

16.     The claims raised in the *Krawczyk* Case are similar to the claims raised in the *Walker* Case.  The *Walker Case* presents those claims for one period of time with respect to delivery workers who lived or worked in the state of Texas, while the *Krawczyk* Case, *inter alia*, presents claims for both the original period and a later period for workers who lived and worked anywhere else in the United States.

## DDA'S BANKRUPTCY CASE

17.     On October 14, 2016, DDA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri (the "Missouri Bankruptcy Court").  Pursuant to 11 U.S.C. §§ 1107 and 1108, DDA continued to manage its financial affairs as a debtor in possession.[5]

18.     On November 23, 2016, DDA filed a Notice of Removal with the United States Bankruptcy Court for the Southern District of Texas (the "Texas Bankruptcy

---

[5] DDA has not been a debtor in possession since the appointment of the Trustee.  See para. 23 herein.

Court")[6] for the *Walker* Case.  On January 3, 2017, the *Walker* Plaintiffs filed a Motion to Withdraw Reference pursuant to 28 U.S.C. §157(d), requesting the withdrawal of the reference from the Texas Bankruptcy Court to the United States District Court for the Southern District of Texas (the "Motion to Withdraw Reference").

19.      In addition, both the *Walker* Plaintiffs and DDA filed motions with the Texas Bankruptcy Court to transfer venue of the *Walker* Case to a different district.  The *Walker* Plaintiffs urged the Texas Bankruptcy Court to transfer the *Walker* Case to the California Federal Court, and DDA urged the Texas Bankruptcy Court to transfer the *Walker* Case to the Missouri Bankruptcy Court.  AT&T Corp. supported transfer of the *Walker* Case to the Missouri Bankruptcy Court.

20.      On February 6, 2017, the Texas Bankruptcy Court granted DDA's motion to transfer and denied the *Walker* Plaintiffs' motion to transfer.  *See* In re Directory Distributing Associates, Inc., 556 B.R. 869 (Bankr. S.D. Tex. 2017).   The Texas Bankruptcy Court did not rule on the *Walker* Plaintiffs' Motion to Withdraw Reference, but noted that the motion to withdraw reference would be pending upon transfer to the Missouri Bankruptcy Court.[7]

21.      On November 15, 2016, DDA filed a motion (the "Stay Motion") in the Missouri Bankruptcy Court seeking confirmation that (a) the *Walker* Plaintiffs were stayed from pursuing their claims against AT&T Corp. and the Individual Defendants

---

[6] Pursuant to Federal Rule of Bankruptcy Procedure 9027, a notice of removal of a state court case is filed with the clerk of the district court within which the state or federal court where the civil action is pending.  In the Southern District of Texas, the local district court has directed that all bankruptcy related removals should be filed in the local bankruptcy court.

[7] The Missouri Bankruptcy Court then referred the Motion to Withdraw Reference to this Court.

because of the Contractual Indemnity Provisions, and (b) the *Krawczyk* Plaintiffs were stayed from pursuing their claims against AT&T Corp. and the Additional Defendants because of the Contractual Indemnity Provisions.[8]

22.     The Missouri Bankruptcy Court granted the Stay Motion, and on February 8, 2017, entered its order (the "Stay Order") staying claims by the *Walker* Plaintiffs and the *Krawczyk* Plaintiffs in the *Walker* Case and the *Krawczyk* Case, respectively.

23.     On February 8, 2017, by consent of the principal parties in DDA's chapter 11 case, the Missouri Bankruptcy Court ordered the appointment of a chapter 11 trustee for DDA.  On February 15, 2017, the Missouri Bankruptcy Court appointed John P. Vaclavek as chapter 11 trustee for DDA (the "Chapter 11 Trustee").

24.     As a result of the appointment of the Chapter 11 Trustee, DDA is no longer acting as a debtor in possession, and pursuant to 11 U.S.C. §323(a), the Chapter 11 Trustee is now the representative of DDA's bankruptcy estate.  Furthermore, pursuant to 11 U.S.C. §323(b), the Chapter 11 Trustee has the capacity to sue and be sued. Accordingly, the Chapter 11 Trustee, as representative of the DDA bankruptcy estate, is now the real party in interest in the *Walker* Case.  The *Walker* Plaintiffs and AT&T Corp. do not oppose the substitution of the Chapter 11 Trustee for DDA as a defendant in the *Walker* Case.

---

[8] The *Krawczyk* Plaintiffs were, of course, stayed from pursuing their claims against DDA because of the automatic stay in the Bankruptcy Code.

## *KRAWCZYK* TRANSFER MOTION AND WALKER MOTION TO WITHDRAW REFERENCE

25.     On May 16, 2017, the Missouri Bankruptcy Court entered its order granting DDA relief to file in the *Krawczyk* Case a motion seeking transfer of the *Krawczyk* Case to this Court and for other parties to respond to such a motion (the "Stay Relief Order").  While the *Walker* Plaintiffs did not oppose entry of the Stay Relief Order, they intend to oppose the Chapter 11 Trustee's motion to transfer the *Krawczyk* Case.  AT&T Corp. plans to support the Chapter 11 Trustee's motion to transfer the *Krawczyk* Case.  The Chapter 11 Trustee hopes to receive approval from the California District Court to schedule a hearing on the Motion to Transfer the *Krawczyk* Case for August 17, 2017.

26.     As noted above, before the *Walker* Case was transferred to the Missouri Bankruptcy Court, the *Walker* Plaintiffs filed the Motion to Withdraw Reference, and the Texas Bankruptcy Court did not rule on such motion before transferring the *Walker* Case to Missouri.  Thus, the Motion to Withdraw Reference is now pending in this Court.

- 10 -

27.     At the June 15, 2017 status conference, the *Walker* Parties will discuss the status of the Motion to Withdraw Reference, including the briefing that was done in the Texas Bankruptcy Court.  The *Walker* Parties will request that this Court defer ruling on the Motion to Withdraw Reference until after the California Federal Court rules on the *Krawczyk* Transfer Motion, at which time this Court will be apprised as to whether it will be asked to hear two FLSA cases rather than one.

Dated: June 14, 2017

(Signature pages begin on the next page)

SUMMERS COMPTON WELLS LLC          HOLMES DIGGS EAMES & SADLER


By:    /s/ Bonnie L. Clair                    By:    /s/ Judith Sadler
    Bonnie L. Clair MO # 41696            Judith Sadler (Pro Hac Vice)
    bclair@summerscomptonwells.com        jsadler@holmesdiggs.com
    8909 Ladue Road                       Cynthia Thomson Diggs (Pro Hac Vice)
    St. Louis, MO 63124                   cdiggs@holmesdiggs.com
    (314) 991-4999                        5300 Memorial Drive, Suite 900
    Fax: (314) 991-2413                   Houston, TX 77007
                                          (713) 802-1777
                                          Fax: (713) 802-1779


Co-Counsel for Plaintiffs                 Co-Counsel for Plaintiffs


MITHOFF LAW                               BECK REDDEN LLP


By:  /s/ Richard W. Mithoff                By:    /s/ Russell S. Post
    Richard W. Mithoff (Pro Hac Vice)       Russell S. Post (Pro Hac Vice)
    rmithoff@mithofflaw.com                 Rpost@beckredden.com
    Janie L. Jordan (Pro Hac Vice)          1221 McKinney, Suite 4500
    jjordan@mithofflaw.com                  Houston, TX 77010
    500 Dallas Street, Suite 3450           (713) 951-3700
    Houston, TX 77002                       Fax: (713) 951-3720
    (713) 654-1122
    Fax: (713) 739-8085

Co-Counsel for Plaintiffs                 Co-Counsel for Plaintiffs


6557918.5                         - 11 -

THOMPSON COBURN LLP

By:_____/s/ David A. Warfield_____
    David A. Warfield, MO # 34288
    dwarfield@thompsoncoburn.com
    One US Bank Plaza
    St. Louis, MO 63101
    (314) 552-6000
    Fax (314) 552-7000

Counsel for Defendant, John P.
Vaclavek, Chapter 11 Trustee for
Directory Distributing Associates, Inc.

MCCARTHY LEONARD & KAEMMERER LC

By:_____/s/ Brian E. McGovern_____
    Brian E. McGovern MO #34677
    bmcgovern@mlklaw.com
    825 Maryville Centre Drive, Suite 300
    Town & Country, MO 63017-5946
    (314) 392-5200
    Fax: (314) 392-5221

Counsel for Defendant, Directory
Distributing Associates, Inc.

ORRICK HERRINGTON &
SUTCLIFFE LLP

By:_____/s/ Marc A. Levinson_____
    Marc A. Levinson (Pro Hac Vice)
    malevinson@orrick.com
    Julie A. Totten (Pro Hac Vice)
    jatotten@orrick.com
    400 Capital Mall, Suite 3000
    Sacramento, CA 95814
    (916) 447-9200
    Fax: (916) 329-4900

Co-Counsel for AT&T Corp.

ARMSTRONG TEASDALE LLP

By:_____/s/ David L. Going_____
    David L. Going, MO #33453
    dgoing@armstrongteasdale.com
    7700 Forsyth Boulevard, Suite 1800
    St. Louis, MO 63105
    (314) 621-5070
    Fax: (314) 621-2250

Co-Counsel for AT&T Corp.

- 13 -

LUTTRELL & WILLIAMS P.C.


By:    */s/ L. Don Luttrell*
    L. Don Luttrell (Pro Hac Vice)
    uhdluttrell@aol.com
    3000 Weslayan, Suite 245
    Houston, TX 77027
    (713) 877-1077

Counsel for the Individual Defendants

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 14, 2017 the foregoing was served electronically on the following by the Court's ECF Notice system on the following:

U.S. BANKRUPTCY COURT      CAMailbox@moeb.uscourts.gov

Bonnie L. Clair      blcattymo@summerscomptonwells.com

Brian E. McGovern      bmcgovern@mlklaw.com, tchamberlain@mlklaw.com

Cynthia Thomson Diggs      cdiggs@holmesdiggs.com

David A. Warfield      dwarfield@thompsoncoburn.com

David L. Going      dgoing@armstrongteasdale.com

Janie L. Jordan      jjordan@mithofflaw.com

Johnie Patterson      jjp@walkerandpatterson.com

Judith Sadler      jsadler@holmesdiggs.com

Julie A. Totten      jatotten@orrick.com

Katherine G. Treistman      ktreistman@orrick.com

L. Don Luttrell      uhdluttrell@aol.com

Marc A. Levinson      Malevinson@orrick.com

Richard W. Mithoff      rmithoff@mithofflaw.com

Russell S. Post      rpost@beckredden.com

Zack A. Clement      zack.clement@icloud.com

In addition, on June 14, 2017, a copy of the foregoing was served on Ervin Walker, pro se, at wlkervn@aol.com.

/s/ David A. Warfield

David A. Warfield

6557918.5                                                    - 14 -