UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| DIRECTORY DISTRIBUTING | ) |
| ASSOCIATES, INC., | ) |
| | ) |
| _____ | ) |
| | ) |
| ERVIN WALKER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17CV1229 HEA |
| | ) |
| DIRECTORY DISTRIBUTING | ) |
| ASSOCIATES, INC., et al., | ) |
| | ) |
| Defendants, | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Withdraw Reference, [Doc. No. 1]. Defendants oppose the Motion. The Court conducted a hearing on the Motion on January 16, 2019. For the reasons set forth below, the Motion will be granted.

The relevant procedural background is set forth in the pleadings and summarized below:

On October 14, 2016, Debtor Directory Distributing Associates, Inc., ("DDA"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy

Code in the Bankruptcy Court for the Eastern District of Missouri. On November 23, 2016, DDA filed a Notice of Removal with the Bankruptcy Court for the Southern District of Texas seeking the removal of the state court action *Walker, et al. v. Directory Distributing Associates, Inc. et. al.*, cause number 2011-50578, in the 269th District Court of Harris County, Texas to the Bankruptcy Court for the Southern District of Texas. This removed action is one part of a Fair Labor Standards Act collective action, both parts of which originally were filed with the Texas state court. The other part of the collective action was proceeding in the Northern District of California until the proceedings were stayed.

The cases began in 2011, when the original plaintiff, Ervin Walker, filed his lawsuit in Harris County District Court. Mr. Walker, and other plaintiffs who joined the action, alleged violations of the Fair Labor Standards Act based on a refusal by DDA and AT&T—their alleged joint employers—to compensate them in the manner required by federal wage and hour laws. In 2012, the state court conditionally certified a nationwide collective action and allowed similarly situated individuals from across the country to opt into the lawsuit. Thousands of additional plaintiffs opted in and joined the Texas case.

In 2013, the state court, based on a state multiparty venue statute, granted defendants' request to dismiss more than 15,500 opt-in plaintiffs who neither lived nor worked in Texas. In late 2013, plaintiffs took an accelerated appeal of that

decision, and the district court stayed enforcement of its order pending resolution of that appeal. The appellate process lasted until April 1, 2016, when the Texas Supreme Court denied review of the appellate decision affirming the state district court's order. Approximately one month later, a second suit was filed against these same defendants in the United States District Court for the Northern District of California, in the case styled *James Krawczyk, et al. v. Directory Distributing Associates, Inc. and AT&T Corp.*, Cause No. 3:16-cv-02531-vc.

The *Krawczyk* matter encompasses the non-Texas opt-in plaintiffs dismissed from this case, as well as certain Texas-based plaintiffs seeking damages for the later time period encompassed by that case. The AT&T entities and DDA filed motions to dismiss plaintiffs' claims pursuant to Fed.R.Civ.P. 12, raising procedural as well as substantive FLSA issues. Plaintiffs filed their Responses to these motions. Defendant AT&T Corp. filed a Reply in Support of AT&T Corp.'s Motion to Dismiss. On December 1, 2017, Judge Chhabria addressed these motions with the parties and subsequently issued his decision on December 9, 2017, substantially denying the motions.

Discovery in these cases is still ongoing. The unusual procedural history and the complex web of corporate affiliations among DDA, AT&T, and AT&T's subsidiaries have already raised a number of complex factual and legal issues. The substantive factual and legal issues involve the application and interpretation of the

FLSA and its regulations, such as whether the delivery workers were improperly classified by Defendants as independent contractors.

In their Motion, Plaintiffs argue that withdrawal is appropriate under both the mandatory and discretionary provisions of 28 U.S.C. § 157(d). They argue that mandatory withdrawal is required for Plaintiffs' claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. because absent withdrawal, the Bankruptcy Court would be impermissibly required to resolve federal law regulating organizations and activities affecting interstate commerce.

In relevant part, 28 U.S.C. § 157(d) states, "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." In support of mandatory withdrawal of the FLSA claims, Plaintiffs allege:

> the factual and legal claims as well as any defenses raised may be adjudicated only by and through interpreting the FLSA and its various regulations as well as the administrative and judicial determinations and rulings of the FLSA. Plaintiffs who were hired as delivery workers to deliver telephone directories allege that Defendants misclassified them as "independent contractors" when they were, in fact, "employees" as defined by the FLSA. Specifically, Plaintiffs seek the remedies afforded them under the FLSA for such misclassification, that being the recovery of the minimum wage rate of pay established pursuant to the FLSA for all hours worked during a work week and the overtime wage rate for all hours worked above forty hours in a work week. To resolve this litigation, the Court and the jury must determine whether Plaintiffs were "employees" or "independent

4

contractors" as such characterizations are defined by the FLSA and its interpretations. The fact-finder must evaluate such factors as (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative necessary to perform the work, (4) the duration of the working relationship, and (5) the extent to which work is an integral part of the employer's business. *See Brock v. Superior Care, Inc.*, 840 F. 2d 1054 (2nds Cir. 1988); *See also Mednick v. Albert Enterprises, Inc.,* 508 F.2d 297, 303 (1975) (Court considers economic reality of worker rather than mere label; where economic reality is that worker is not and never was independently in business for himself, label of independent contractor will not relieve employer of liability under Fair Labor Standards Act.)

[T]the issue of whether plaintiffs are "employees" as defined by the FLSA or "independent contractors" not subject to the FLSA's protections is hotly contested. Additionally, defendants contest whether the opt-in plaintiffs are "similarly situated," an issue that will require analysis and interpretation of case law that has evolved in interpreting this statute… Defendants specifically contest that plaintiffs and the opt-in plaintiffs are "employees rather than "independent contractors," that plaintiffs are entitled to damages, that plaintiffs have any damages, that plaintiffs' damages are barred by the statutes of limitations, which would require potentially an analysis of equitable tolling, whether the defendants' actions were willful, whether defendants acted in "good faith" and, of course, whether plaintiffs and opt-in plaintiffs were similarly situated such that they are entitled to bring a collective action. The Court will be required to analyze, evaluate, interpret and apply the FLSA to the claims and defenses… There is no other substantial and material law that the Court must apply to adjudicate either Plaintiffs' claims for unpaid wages, overtime and minimum-wage violations or Defendants' defenses to those claims.

Courts in this Circuit have followed "the approach adopted by the Seventh Circuit, which has held that mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title 11 statute, or when the court must undertake analysis of significant open and

unresolved issues regarding the non-title 11 law." *In re Miller Auto. Grp.*, 2013 U.S. Dist. LEXIS 32956, at *5 (W.D. Mo. Mar. 11, 2013). *See also Fayne v. Innovations 365, LLC*, 2018 WL 3614983, at *1–3 (W.D. Mo. July 27, 2018).

The Court finds that Plaintiffs have met their burden to establish mandatory withdrawal of the reference is appropriate.

The crux of Plaintiff's FLSA claims are that Plaintiffs were actually employees of DDA entitled to the protections of the FLSA. DDA classified them as "independent contractors" to avoid application of the Act. Whether Plaintiffs should be treated as employees and the procedures taken with regard to Plaintiffs' work for DDA requires an interpretation of the Act. Further, whether Plaintiffs are entitled to the remedies of the FLSA and whether or not DDA is entitled to defenses under the Act all give rise to an interpretation of the provisions of the FLSA. It will take more than a mere application of FLSA to determine whether Plaintiffs are entitled to protection.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Withdraw Reference [doc. 1] is **GRANTED.**

**IT IS FURTHER ORDERED t**he Bankruptcy Court shall transfer this

matter to this Court for further proceedings.

Dated this 25th day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE